UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                           Chapter 7

Gail Burwell,                                    Case No. 18-47939

    Debtor.                                  Hon. Phillip J. Shefferly
_____/

**ORDER DENYING WITHOUT PREJUDICE STIPULATION
FOR ENTRY OF JUDGMENT AUTHORIZING PARTITION SALE**

On May 31, 2018, the Debtor filed this Chapter 7 case. The Debtor's schedule A/B states that the Debtor has a "Tenancy in Common" interest in real property located at 640 Calder Avenue, Ypsilanti, Michigan ("Property").

On October 30, 2018, the Chapter 7 Trustee filed a stipulation ("Stipulation") (ECF No. 28) that the Trustee entered into with Robin Bow ("Bow"), the other tenant in common on the Property. The Stipulation states that the Trustee and Bow agree to the entry of the proposed judgment attached to the Stipulation ("Proposed Judgment") that provides for a sale of the Property. The Court is entering this order because it is not clear from the Proposed Judgment whether the Trustee's proposed sale of the Property also includes a sale of Bow's interest in the Property or whether the Property is to be partitioned.

The Proposed Judgment is titled "Judgment Authorizing Partition Sale Pursuant to 11 U.S.C. § 363(h)." That title has two inconsistent concepts. Section 363(h) does not provide for a partition sale but instead provides for a sale of a bankruptcy estate's interest in property plus the interest of any co-owner in the property where partition of such property between the bankruptcy estate and the co-owner is impracticable. In other words, § 363(h) is available only if partition is not. The Proposed Judgment is further confusing by stating that the "Judgment is entered authorizing the Trustee to sell the Property pursuant to 11 U.S.C. § 363(h) subject to the Co-Owner's interest." That sentence suggests that the Trustee is only selling the bankruptcy estate's interest in the Property, not Bow's interest in the Property, and that the purchaser will make the purchase subject to Bow's interest. However, the following paragraph in the Proposed Judgment states that the sale proceeds "shall be divided evenly between the co-owner and the Trustee."

If the Trustee is intending to have the Property partitioned, then the Proposed Judgment should say so and the Proposed Judgment should make clear that the Trustee is only selling the bankruptcy estate's interest in the Property. On the other hand, if the Trustee is not seeking to partition the Property but instead is seeking to sell both the bankruptcy estate's interest in the Property and Bow's interest in the Property under § 363(h), then the Proposed Judgment should say

that. To avoid any problems in the future, the Court declines to enter the Proposed Judgment without prejudice to the Trustee's right to file a new stipulation to enter a different proposed judgment that makes clear precisely what it is that the Trustee is intending to sell.

**IT IS SO ORDERED.**

**Signed on November 01, 2018**

/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**

- 3 -

18-47939-pjs    Doc 29    Filed 11/01/18    Entered 11/01/18 14:17:47    Page 3 of 3